## Case No. 9,512.

In re METZLER et al.

[1 Ben. 356; [1] N. B. R. 38; Bankr. Reg. Supp. 9: 6 Int. Rev. Rec. 74; 9 Leg. & Ins. Rep. 292.]

District Court, S. D. New York. Aug., 1867.

BANKRUPTCY—INVOLUNTARY—INJUNCTION—PERISHABLE PROPERTY.

1. Where petitions were filed in involuntary bankruptcy, and injunctions were issued to prevent the sale of the debtors' property on execution, the facts on which the injunctions were issued being the very acts of bankruptcy alleged, and the bankrupts had taken issue and demanded a jury, and motions were made to set aside the injunctions on the merits: Held, that the court would not, on a motion, on affidavit, dispose of the issues which were involved in the proceedings.

[Cited in Re Moses, Case No. 9,869.]

2. If the property was perishable, that was no ground for dissolving the injunctions.

3. The court had no power to sell the property, as perishable, at this stage of the proceedings, unless it was in the possession of the messenger.

[Cited in Re Moses, Case No. 9,869.]

This was a motion to dissolve injunctions. On July 18th, 1867, a petition was filed by Willson, Watrous & Co., as creditors of Metzler & Cowperthwaite, to have them adjudged bankrupts, and on July 22d an injunction was issued against the debtors and one Hervey C. Calkin, and the sheriff of New York, enjoining them from selling any goods of the debtors not excepted by the bankruptcy act [of 1867 (14 Stat. 517)]. On July 23d a similar petition was filed by C. Cowles & Co., and on July 24th a similar injunction was issued against the same parties, and also against George E. Cowperthwaite and John N. Blasi. The act of bankruptcy alleged in the first petition was an assignment of property made by the debtors to Calkin on June 26th, 1867, in trust to pay certain preferred creditors. The assignment was shown to be in writing, and Calkin was alleged to have accepted it and taken possession of the property. The injunction in the first case, was issued on a petition of the creditors, which alleged the entry of a judgment on July 16th, in the supreme court of the state of New York, in favor of Calkin against the debtors, for $3,531.60, and that it was entered in pursuance of an offer by the debtors to allow it, and that execution was on the same day issued to the sheriff of New York, who levied on the property included in the assignment, and had advertised it for sale under the execution. The act of bankruptcy alleged in the second petition was the same assignment to Calkin, and that the debtors had suffered their property to be taken under the judgment in his favor, and under a judgment in favor of George E. Cowperthwaite, entered on an offer of judgment, for $2,519.94, and under a judgment in favor of John N.

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

Blasi, entered on a like offer, for $1,885.30. On the return of the orders to show cause, the debtors appeared and denied that they had committed the acts of bankruptcy alleged, and demanded a jury, which was ordered. The motion to set aside the injunctions was made in behalf of Calkin and George E. Cowperthwaite, and was founded on affidavits, which set forth a written agreement made between them and the debtors, in March, 1866, by which they agreed to advance notes to the debtors, to secure which the debtors transferred to them the property which they then had or might afterwards have in their business, with a covenant to return the notes if demanded, and, in case they failed to return them, they agreed to execute such bill of sale, or confession of judgment, or other security, as should be demanded. The affidavits further showed the advance of the notes to the debtors, and a further advance of $1,000 by Calkin, and a demand by him of repayment of this $1,000, and that the debtors were unable to repay it, but offered to make an assignment and prefer Calkin and George E. Cowperthwaite. They further set up the assignment to Calkin, and that George E. Cowperthwaite was absent when it was made; that, when he returned, he refused to assent to it; that, thereupon, on July 10th, Calkin and George E. Cowperthwaite served written notice on the debtors, demanding a return of the securities, as provided in the agreement of March, 1866; that the debtors refused to return them; and that, thereupon, the suits were commenced in favor of Calkin and George E. Cowperthwaite, and the judgments entered and executions issued. The affidavits in opposition showed that the debts of the creditors were for materials furnished the debtors since January 1st, 1867, to be used in their business, and that the creditors had no knowledge of the agreement of March, 1866, till after the judgments were entered.

N. Cross, for the motion.
H. Sheldon and W. E. Curtis, in opposition.

BLATCHFORD, District Judge. It is urged, as a ground for dissolving the injunctions, that the assignment to Calkin, and the obtaining of the judgments against the firm, were valid transactions, and not void under the bankruptcy act, and that they were merely in fulfilment of a previous agreement, and were the effect of measures taken by the creditors. These transactions are the very acts of bankruptcy alleged in the original petitions of the creditors, and the very acts, the commission of which is denied by the debtors, and in respect to which they have demanded, and the court has ordered, trials by jury. The injunctions were granted under the fortieth section of the act. The intent of the provisions of that section manifestly is, to give the court authority, in a case of involuntary bankruptcy, when an

order is issued requiring the debtor to show cause why he should not be declared a bankrupt, to prevent, by injunction, any interference with the debtor's property, until a decision shall be arrived at, whether the debtor is or is not to be adjudged a bankrupt. In the present case no such decision has been arrived at. The decision is suspended by the act of the debtors, in denying that they have committed the act of bankruptcy alleged, and in demanding a trial by jury. The same facts which constituted sufficient ground for issuing the order to show cause, also furnish sufficient reasons for issuing the injunction. The court will not, on a motion of this kind, on affidavits, dispose of what are really all the issues involved in the proceeding. If the injunctions should be dissolved, and the debtors should afterwards be adjudged bankrupts, and an assignee of their estate be appointed, the court would have dissolved the injunctions on the same state of facts on which the debtors were adjudged bankrupts. Substantially, the whole of the property of the debtors would have passed to the three preferred creditors, leaving to the assignee only an inheritance of litigation, and the very object of the remedy by injunction, given by the fortieth section, would have been defeated. Without deciding, therefore, definitely, whether the transactions set forth are or are not void, under the bankruptcy act, it is sufficient to say, that there is a probable cause for continuing the injunctions, until it shall be decided whether the debtors are or are not to be adjudged bankrupts. Indeed, independently of anything contained in the agreement of March, 1866, the including in the judgment, in favor of Calkin, of the $1,000, not provided for by that agreement, would be a good ground for continuing the injunction, as respects that judgment; and the giving of the judgment to Blasi would be a sufficient ground for granting an injunction, as respects any property levied upon under an execution on that judgment.

It is represented that the property levied on under the executions on the judgments and about to be sold, is perishable, and that it is for the interest of all parties that it should be sold and preserved for whoever may be entitled to the proceeds. But it is not proper to dissolve these injunctions, and thus allow the proceeds of the property to pass to the judgment creditors, to the exclusion of an assignee in bankruptcy, who may in the end be entitled to claim it. This court has no power to order the sale of the property as perishable, at the present stage of the proceedings, unless it is in the possession of the messenger (rule 22 of the general orders in bankruptcy), and it cannot come into the possession of the messenger until a warrant is issued under section forty-two, unless a warrant be issued, under section forty, to the marshal, to take possession of it provisionally. Such warrant cannot issue unless it appears that there is probable cause

for believing that the debtor is about to remove or conceal his goods and chattels, or his evidence of property, or make a fraudulent conveyance or disposition thereof. But the fact that this court has no power to order the sale of this property at the present time, is no reason why it should not exercise the power, which is expressly given to it, of interposing, by injunction, to prevent any interference with the property until it shall be decided whether the debtors are or are not to be adjudged bankrupts. The motion to dissolve the injunctions is denied.